## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## BOB'S BIG BOY FAMILY RESTAURANTS, A DIVISION OF MARRIOTT CORPORATION, Respondent.

### No. 82-7073.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 1982.

Decided Dec. 1, 1982.

---

Susan Williams, N.L.R.B., Washington, D.C., for petitioner.

Ivan H. Rich, Barnett & Alagia, Louisville, Ky., for respondent.

Before CHAMBERS, Senior Circuit Judge, CHOY, Circuit Judge, and EAST,* Senior District Judge.

CHOY, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order requiring Bob's Big Boy Family Restaurants to bargain with Local 37 of the Bakery and Confectionary Workers International Union. We previously refused to enforce the order and remanded for the Board to provide a reasonable explanation why its contract-bar rule did not preclude the election of Local 37. *Bob's Big Boy Family Restaurants v. NLRB,* 625 F.2d 850 (9th Cir.1980). Because the Board has failed to explain the order adequately, we deny enforcement once again.

I

As reported in our earlier opinion, the duration clause of a collective bargaining agreement between Big Boy and Bob's Employees' Association stated clearly that the agreement ran from December 11, 1974 to December 31, 1977. The Employees' Association circulated a booklet, which all interested parties used regularly, reproducing

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

the agreement. The duration clause contained therein was accurate. However, the cover of the booklet incorrectly stated the date that the agreement went into effect. It bore the inscription: "January 1, 1975 to December 31, 1977." There has been no showing that Big Boy caused or knew of the error, or that Local 37 knew of the error.

■ On October 13, 1977, Local 37 petitioned the Board to hold a representation election in order to challenge the majority status of Bob's Employees' Association. The petition was filed comfortably within the period prescribed by the contract-bar rule [1] as calculated using the cover dates, but slightly late using the dates actually set forth in the agreement. Despite the apparent violation of the contract-bar rule, the Board chose to hold a representation election. The employees of Big Boy elected Local 37 as their new exclusive bargaining representative, and the Board so certified the union.

## II

■ "The Board has considerable discretion in the formulation and application of the contract-bar rule." *Big Boy*, 625 F.2d at 853–54. As we have stated: "The rule does not find its source in the express language of the statute, nor is it judicially compelled. Rather, the Board has formulated the rule and thus has the principal discretion to waive or apply it in order to effectuate its policy underpinnings." *NLRB v. Circle A & W Products Co.*, 647 F.2d 924, 926 (9th Cir.) (citations omitted), *cert. denied*, 454 U.S. 1054, 102 S.Ct. 600, 70 L.Ed.2d 590 (1981).

■ The Board must explain its decisions, however, so a reviewing court can determine whether it attempted to effectu-

ate these policies in a reasoned and deliberate manner. *See Big Boy*, 625 F.2d at 852. The well-established foundation of the contract-bar rule is the need to preserve industrial stability during the term of a collective bargaining agreement. *See Circle A & W*, 647 F.2d at 926; *Big Boy*, 625 at 851. Endless petitions for representation elections could hopelessly confuse the labor-management relationship. The Board also attempts to accommodate the right of employees to select their bargaining representative by providing a "window period" during the term of the contract so competing unions can file petitions to challenge the majority status of the incumbent union. *See, e.g., Reed Roller Bit Co.*, 72 N.L.R.B. 927, 929 (1947). "Where the objectives of contract stability and adequate employee representation conflict, the Board must exercise its discretion to reach an appropriate balance, but it must give explicit recognition to both sides of the balance." *Circle A & W*, 647 F.2d at 926.

## III

■ In response to our earlier remand in this case, the Board explained its decision not to apply the contract-bar rule relying on the principle that "where parties to a contract create a situation in which the petitioner cannot clearly determine the proper time for filing a petition, the ambiguity does not inure to the benefit of the parties but instead means that the petition will not be barred." A critical factual assumption underlying the Board's reasoning is that Big Boy contributed to the confusion over the contract dates. The record does not, however, show that Big Boy caused in any way or even knew about the misprint on the cover of the booklet reproducing the collective bargaining agreement. We therefore conclude that the Board abused

---

**1.** The contract-bar rule decrees:

[A] valid contract for a period not exceeding three years will bar a representation election unless the representation petition is filed more than 60 and less than 90 days before the end of the contract. *See Dalewood Rehabilitation Hospital, Inc. v. NLRB*, 566 F.2d 77, 79 n. 2 (9th Cir.1977). If the contract term

exceeds three years, a petition will be dismissed if it is outside the 60–90 day period preceding the contract's third anniversary date, even though it is filed between 60 and 90 days before the contract's actual expiration date. *Union Carbide Corp.*, 190 N.L.R.B. 191 (1971).

*Big Boy*, 625 F.2d at 851.

its discretion by presuming without foundation a fact essential to its order.

Because the principle announced by the Board does not apply here, we need not decide whether it reflects a reasonable balance between the objectives of industrial stability and employee representation.

ENFORCEMENT DENIED.